AETNA INVESTMENT CORPORATION *vs.* SHUMAN'S STUDIO.

APRIL 15, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is an action in assumpsit on six trade acceptances, that is, bills drawn by the defendant, containing a statement of the transaction giving rise to the instruments. The case is before us on the defendant's exception to the ruling directing a verdict for the plaintiff for the face value of the drafts plus interest.

The six instruments formed a series of bills of exchange, called drafts, payable at intervals of six months. Except as to amount and date of payment the other drafts are identical with the one first due, the material language of which is as follows:

"Lincoln Trust Co.,
Name of Payor's Bank.

Providence, R. I.

Pay, Dec. 15, 1927, to the order of the National Advertising Fund of the Photographers Association of America, at The Peoples State Bank, Indianapolis, Twenty Five Dollars, ($25.00).

This obligation is assumed by the drawer in consideration of the benefits which may flow from the expenditure of a fund built from this and similar contributions, promises and agreements mutually made by others throughout the country which fund is to be employed in conducting a nation wide

campaign to advertise and further the interests of those engaged in the photographic industry. .
. . .

Obligation accepted by:
The Photographers Association
of America.

Signed............Albert J. Shuman
Name of Payor."

It appears that the Lincoln Trust Co. is not the drawee, but merely the bank where the drawer keeps his funds; and that the drafts were accepted by the Photographers Association of America before they were signed by the drawer. See Sec. 144, Chap. 227, G. L., 1923.

On June 15, 1927, before the earliest maturing draft became due, all of said drafts were sold by the payee for a valuable consideration to the plaintiff which contends that it is entitled to the rights of a holder in due course. The question is whether the drafts are unnegotiable by reason of language therein stating the transaction which gave rise to the instruments.

The defendant's contention is that the promise to pay is conditional and therefore that the drafts are unnegotiable.

Section 9 of Chapter 227, G. L., 1923, provides that "An unqualified order or promise to pay is unconditional within the meaning of this chapter, though coupled with: . .

. A statement of the transaction which gives rise to the instrument."

The order to pay was unqualified; we find nothing in the language of the instruments tending to show that payment was dependent upon any contingency. For authorities holding similiar instruments negotiable see 37 Yale Law Journal 382; 5 Uniform Laws Ann. 22.

For the purpose of completing the record the defendant was permitted to testify that at the time of the signing of the instruments the payee's agent orally promised that a portion of the advertising would be in local papers. This testimony

was stricken out before the ruling directing a verdict for the plaintiff.

There was no evidence that the plaintiff before purchasing had knowledge of such oral agreement and the testimony to the effect that the plaintiff was a holder in due course was undisputed.

The defendant's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Francis J. O'Brien,* for plaintiff.
*George Helford,* for defendant.